JUDGE BUCHWALD

**10 CV 404**

ECF CASE

File #93562-01/rag

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
DAVID POST,

                        Plaintiff,

      -against-

FISHER ENGINEERING, INC., and
DOUGLAS DYNAMICS, L.L.C.,

                       Defendants.
----------------------------------------x



Plaintiff Demands Trial by Jury

     Plaintiff, complaining of the defendants, by his attorneys, FINKELSTEIN & PARTNERS, LLP, respectfully shows this Court and alleges, upon information and belief, the following:

     1.   That jurisdiction exists as against the defendants, FISHER ENGINEERING, INC., and DOUGLAS DYNAMICS, L.L.C., pursuant to:

     (a) 28 U.S.C. Section 1332, in that the plaintiff, DAVID POST, is a citizen and resident of the State of New York; and the defendants, FISHER ENGINEERING, INC. and DOUGLAS DYNAMICS, L.L.C., are incorporated in the State of Delaware, and maintains their principal place of business

in the State of Delaware, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

(b) 28 U.S.C. Section 1391, in that jurisdiction is founded on diversity of citizenship only and the claim arose in the Judicial District of the United States District Court for the Southern District of New York.

(c) Section 302(a)(3) of the Civil Practice Law and Rules of the State of New York, in that the defendants, FISHER ENGINEERING, INC. and DOUGLAS DYNAMICS, L.L.C., committed a tortious act outside the State of New York causing injury to the plaintiff within the State of New York, and the defendants maintained sufficient contacts with the State of New York as more fully set forth in this complaint.

AS AND FOR A FIRST CAUSE OF ACTION ON
BEHALF OF PLAINTIFF, DAVID POST

2. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Orange, State of New York.

3. That at all times hereinafter mentioned, upon information and belief, the defendant, FISHER ENGINEERING, INC., was and still is a domestic corporation duly incorporated within the State of Delaware.

4. That at all times hereinafter mentioned, upon information and belief, the defendant, FISHER ENGINEERING, INC., was and still is a foreign corporation duly authorized and doing business within the State of New York.

5. That at all times hereinafter mentioned, upon information and belief, the defendant, FISHER ENGINEERING, INC., was and still is a business entity doing business within the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the defendant, DOUGLAS DYNAMICS, L.L.C., was and still is a domestic limited liability company duly incorporated within the State of Delaware.

7. That at all times hereinafter mentioned, upon information and belief, the defendant, DOUGLAS DYNAMICS, L.L.C., was and still is a foreign limited liability company duly authorized and doing business within the State of New York.

8. That at all times hereinafter mentioned, upon information and belief, the defendant, DOUGLAS DYNAMICS, L.L.C., was and still is a business entity doing business within the State of New York.

9. That upon information and belief, the defendant, FISHER ENGINEERING, INC., is engaged in the business of designing, advertising, marketing and selling machinery and

in pursuance of this business, transacts business within the State of New York, and contracts to supply good or services in the State of New York.

10. That as hereinafter described, upon information and belief, the defendant, FISHER ENGINEERING, INC., committed a tortious act inside the State of New York.

11. That as hereinafter described, upon information and belief, the defendant, FISHER ENGINEERING, INC., committed a tortious act outside the State of New York which caused injury to the plaintiff within the State of New York.

12. Upon information and belief, the defendant, FISHER ENGINEERING, INC., regularly does and solicits business and engages in a persistent course of conduct in the State of New York, deriving substantial revenue from the goods used or consumed in the State of New York.

13. Upon information and belief, the defendant, FISHER ENGINEERING, INC., expects or should reasonably expect its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

14. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 17th day of December, 2008, the defendant, FISHER ENGINEERING, INC.,

its agents, servants and/or employees did design, manufacture, produce, construct, assemble and fabricate a certain "Minute Mount" snow plow, Serial #005497.

15. That at a time prior to the 17th day of December, 2008, upon information and belief, the defendant, FISHER ENGINEERING, INC., was the seller and/or distributor of the aforesaid snow plow.

16. That upon information and belief, at a time prior to the 17th day of December 2008, the defendant, FISHER ENGINEERING, INC., did place the aforesaid "Minute Mount" snow plow, Serial #005497 into the stream of commerce in the usual course of business.

17. That upon information and belief, the defendant, DOUGLAS DYNAMICS, L.L.C., is engaged in the business of designing, advertising, marketing and selling machinery and in pursuance of this business, transacts business within the State of New York, and contracts to supply good or services in the State of New York.

18. That as hereinafter described, upon information and belief, the defendant, DOUGLAS DYNAMICS, L.L.C., committed a tortious act inside the State of New York.

19. That as hereinafter described, upon information and belief, the defendant, DOUGLAS DYNAMICS, L.L.C., committed a tortious act outside the State of New York which caused injury to the plaintiff within the State of New York.

20. Upon information and belief, the defendant, DOUGLAS DYNAMICS, L.L.C., regularly does and solicits business and engages in a persistent course of conduct in the State of New York, deriving substantial revenue from the goods used or consumed in the State of New York.

21. Upon information and belief, the defendant, DOUGLAS DYNAMICS, L.L.C., expects or should reasonably expect its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

22. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 17th day of December, 2008, the defendant, DOUGLAS DYNAMICS, L.L.C., its agents, servants and/or employees did design, manufacture, produce, construct, assemble and fabricate a certain "Minute Mount" snow plow, Serial #005497.

23. That at a time prior to the 17th day of December, 2008, upon information and belief, the defendant, DOUGLAS

DYNAMICS, L.L.C., was the seller and/or distributor of the aforesaid snow plow.

24. That upon information and belief, at a time prior to the 17th day of December 2008, the defendant, DOUGLAS DYNAMICS, L.L.C., did place the aforesaid "Minute Mount" snow plow, Serial #005497 into the stream of commerce in the usual course of business.

25. That at all times hereinafter mentioned, the garage of premises of plaintiff's residence located at 213 Guinea Hill Road, Slate Hill, County of Orange, State of New York, was the situs of the accident herein.

26. That at all times hereinafter mentioned, and on or about the 17th day of December, 2008, the plaintiff was lawfully upon the aforesaid premises.

27. That on or about the 17th day of December, 2008, while the plaintiff was in his garage in the vicinity pf his snow plow, the headgear assembly fell unexpectedly, crushing plaintiff's right thumb, thereby causing the plaintiff to sustain severe and serious injuries.

28. That the aforesaid accident and resulting injuries were caused by the negligent, reckless and careless acts of the defendants, their agents, servants and/or employees.

29. The negligence, recklessness and carelessness of the defendants, their agents, servants and/or employees consisted of, among other things, designing, manufacturing, assembling, producing, fabricating, constructing, selling and distributing, supplying and/or providing a product, to wit, the aforesaid "Minute Mount" snow plow, in an unsafe, defective and hazardous condition; designing and manufacturing of the plow's attachment mechanism in a defective manner such that the engagement of the jack stand latch pin is unreasonably and unnecessarily problematical; in failing to design the jack stand latch pin so that it would remain engaged and not allow the headgear to fall unexpectedly during normal use; in designing the latch pin mechanism in such a manner as to promote misalignment and to permit less than full insertion and/or engagement in the leg holes; in designing the latch pin mechanism in such a manner that the operator could not readily ascertain whether the pin was fully engaged; in creating a pinch point in the headgear and the top of the jack stand leg; in failing to warn plaintiff that the latch pin's engagement was problematical and that plaintiff should ascertain that the latch pin is fully engaged in the outer support hole before relying upon it to support the mechanism; in failing to warn plaintiff that the headgear created a pinch point

with the top of the jack stand leg; and the defendants, their agents, servants and/or employees were in other ways negligent, reckless and careless.

30. That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the within accident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof, and further, the defendants, their agents, servants and/or employees created said conditions.

31. The limited liability provisions of C.P.L.R. 1601 do not apply pursuant to one or more of the exceptions of C.P.L.R. 1602(7) on the grounds that defendants acted with reckless disregard for the safety of others, including the plaintiff herein.

32. That by reason of the foregoing, the plaintiff was caused to sustain severe and serious personal injuries to his mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, the plaintiff was caused to expend and become obligated for diverse sums of money as a result of this

accident; the plaintiff further was caused to lose substantial periods of time from his normal vocation, and upon information and belief, may continue in that way into the future and suffer similar losses.

33. That by reason of the foregoing, the plaintiff was damaged in the sum of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, DAVID POST

34. The plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs numbered "1" through "32" of the First Cause of Action, with the same force and effect as if more fully set forth herein at length.

35. That the defendant, FISHER ENGINEERING, INC., warranted in designing, manufacturing, distributing, selling and placing into the stream of commerce the aforesaid "Minute Mount" snow plow, Serial #005497 to all foreseeable persons using same that the said plow was properly designed, manufactured, distributed, sold and placed into the stream of commerce so that it was reasonably safe and adequate for the purpose for which it was intended and that the said plow was safe, proper, merchantable and fit for the intended purpose.

36. That the use to which the aforesaid machine was being put on the date of the accident and injury was a use reasonably contemplated and intended and foreseen by the defendant, FISHER ENGINEERING, INC., prior to the time of sale of said "Minute Mount" snow plow, Serial #005497 to the general public.

37. That the plaintiff relied upon such express and/or implied warranties.

38. That the defendants did breach said warranty.

39. That the plaintiff did give notice to the defendant of said breach of warranty or such notice was otherwise excused.

40. That by reason of the foregoing, the plaintiff was damaged in the sum of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

AS AND FOR A THIRD CAUSE OF ACTION ON
BEHALF OF PLAINTIFF, DAVID POST

41. The plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs numbered "1" through "32" of the First Cause of Action and Paragraphs numbered "35" through "39" of the Second Cause of Action, with the same force and effect as if more fully set forth herein at length.

42. That the defendant, FISHER ENGINEERING, INC.,

designed, manufactured and put into circulation and sold to the general public a product, namely the aforesaid "Minute Mount" snow plow, Serial #005497.

43. That the said "Minute Mount" snow plow, Serial #005497 was not suited for its purpose and was defective.

44. That the defendant, FISHER ENGINEERING, INC., assumed a strict products liability to users and to persons injured by the aforesaid "Minute Mount" snow plow, Serial #005497, including the plaintiff.

45. That by reason of the foregoing, the plaintiff was damaged in the sum of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

> AS AND FOR A FOURTH CAUSE OF ACTION ON
> BEHALF OF PLAINTIFF, DAVID POST

46. The plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs numbered "1" through "32" of the First Cause of Action, Paragraphs numbered "35 through "39" of the Second Cause of Action and Paragraphs numbered "42" through "44" of the Third Cause of Action, with the same force and effect as if more fully set forth herein at length.

47. That the defendant, DOUGLAS DYNAMICS, L.L.C., warranted in designing, manufacturing, distributing, selling and placing into the stream of commerce the

aforesaid "Minute Mount" snow plow, Serial #005497 to all foreseeable persons using same that the said plow was properly designed, manufactured, distributed, sold and placed into the stream of commerce so that it was reasonably safe and adequate for the purpose for which it was intended and that the said plow was safe, proper, merchantable and fit for the intended purpose.

48. That the use to which the aforesaid machine was being put on the date of the accident and injury was a use reasonably contemplated and intended and foreseen by the defendant, DOUGLAS DYNAMICS, L.L.C., prior to the time of sale of said "Minute Mount" snow plow, Serial #005497 to the general public.

49. That the plaintiff relied upon such express and/or implied warranties.

50. That the defendants did breach said warranty.

51. That the plaintiff did give notice to the defendant of said breach of warranty or such notice was otherwise excused.

52. That by reason of the foregoing, the plaintiff was damaged in the sum of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

AS AND FOR A FIFTH CAUSE OF ACTION ON
BEHALF OF PLAINTIFF, DAVID POST

53. The plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs numbered "1" through "32" of the First Cause of Action, Paragraphs numbered "35" through "39" of the Second Cause of Action, Paragraphs numbered "42" through "44" of the Third Cause of Action and Paragraphs "47 through "51" of the Fourth Cause of Action, with the same force and effect as if more fully set forth herein at length.

52. That the defendant, DOUGLAS DYNAMICS, L.L.C., designed, manufactured and put into circulation and sold to the general public a product, namely the aforesaid "Minute Mount" snow plow, Serial #005497.

53. That the said "Minute Mount" snow plow, Serial #005497 was not suited for its purpose and was defective.

54. That the defendant, DOUGLAS DYNAMICS, L.L.C., assumed a strict products liability to users and to persons injured by the aforesaid "Minute Mount" snow plow, Serial #005497, including the plaintiff.

55. That by reason of the foregoing, the plaintiff was damaged in the sum of FIFTEEN MILLION ($15,000,000.00) DOLLARS.

WHEREFORE, plaintiff demands judgment against the defendant as follows:

(1) The sum of $15,000,000.00 on the First Cause of Action;

(2) The sum of $15,000,000.00 on the Second Cause of Action;

(3) The sum of $15,000,000.00 on the Third Cause of Action;

(4) The sum of $15,000,000.00 on the Fourth Cause of Action, and

(5) The sum of $15,000,000.00 on the Fifth Cause of Action, together with the costs and disbursements of this Action.

Yours, etc.,

FINKELSTEIN & PARTNERS, LLP
Attorneys for Plaintiff
Office & P.O. Address
1279 Route 300, P.O. Box 1111
Newburgh, New York 12551

BY: _____
ELEANOR L. POLIMENI, ESQ.
(EP 8687)

TO: FISHER ENGINEERING, INC.
    Defendant
    c/o Delaware Registry, Ltd.
    3511 Silverside Road, Suite 105
    Wilmington, DE  19810

```
DOUGLAS DYNAMICS, L.L.C.
Defendant
c/o National Registered Agents, Inc.
160 Greentree Drive, Suite 101
Dover, DE   19904
```